IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLES NEASE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-10-177-SPS |
| ) | |
| **STATE FARM MUTUAL** ) | |
| **AUTOMOBILE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER
## REGARDING MOTIONS IN LIMINE

Regarding the Plaintiff's Motions in Limine [Docket No. 84], the Court orders the following:

      1.    The Plaintiff's motion is GRANTED as to evidence regarding retention of counsel representing the Plaintiff in this case, but DENIED as to evidence of the Plaintiff's retention of Terry West.

      2.    The Plaintiff's motion is GRANTED to the extent of any legal opinions or conclusion by lay witnesses. This does prohibit the introduction of evidence from lay witnesses as to their understanding of applicable duties and whether they were met.

      3.    The Plaintiff's motion is GRANTED as to evidence of whether it would be "fair" for the Plaintiff to recover more in this case than Amanda Dennis recovered against the Plaintiff.

      4.    The Plaintiff's motion is DENIED as to evidence of agreement between the Plaintiff and Amanda Dennis regarding the payment of any proceeds of this action.

      5.    The Plaintiff's motion is GRANTED as to evidence of settlement offers made by the Defendant after Amanda Dennis obtained judgment against

the Plaintiff, but DENIED as to evidence of settlement offers made by the Defendant prior thereto.

Regarding the Defendant State Farm Mutual Automobile Insurance Company's Motion in Limine [Docket No. 54], the Court orders as follows:

1. The Defendant's motion is GRANTED as to items 1-3, 6, 8, and 9.

2.. The Defendant's motion is GRANTED as to item 4 ("other claims" evidence), except as to evidence of substantially similar "other claims," *i. e.*, automobile accidents in which a third party claimant demanded a statement from the Defendant's insured as a condition for settling within policy limits and threatened to sue for an excess judgment if no statement was given, in which regard the Defendant's motion is DENIED.

3. The Defendant's motion is GRANTED as to item 5 (evidence of advertising, mottos or slogans) with regard to the first stage of the trial. The Court will re-examine this issue in the event there is a second stage of trial as to the amount of punitive damages.

4. The Defendant's motion is GRANTED as to any evidence of the Plaintiff's medical condition, except as to any mental pain and suffering or emotional distress caused by the Defendant herein, in which regard the Defendant's motion is DENIED.

5. The Defendant's motion is GRANTED as to item 10 (evidence of settlement offers for the purpose of demonstrating the Defendant's liability on the Plaintiff's claims herein). See Paragraph No. 5 above regarding the Plaintiff's Motions in Limine [Docket No. 84].

6. The Defendant's motion is GRANTED as to any expert testimony regarding applicable law, the Defendant's compliance therewith, ultimate issues of the Defendant's liability and the like (item 11). The Plaintiff may, however, present expert testimony regarding such matters as industry standards, to the extent relevant.

IT IS SO ORDERED this 13th day of February, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma