# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES NEASE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-177-SPS |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff Charles Nease was insured by State Farm Automobile Insurance Company ("State Farm"). On May 3, 2006, Mr. Nease was involved in an automobile collision with Amanda Dennis in Tecumseh, Oklahoma. Ms. Dennis sued Mr. Nease, and a jury in Pottawatomie County (Case No. CJ-2007-1006) found Mr. Nease at fault and awarded Ms. Dennis a judgment of over $190,000, well in excess of Mr. Nease's $25,000 insurance policy limits. Mr. Nease then sued State Farm in the District Court of Pittsburg County, Case No. CJ-2010-99, alleging bad faith for failing to settle within the policy limits, which State Farm has removed to this Court. State Farm now seeks summary judgment pursuant to Fed. R. Civ. P. 56. For reasons set forth below, the Court finds that the Defendant's Motion for Summary Judgment and Brief in Support [Docket No. 53] should be DENIED.

## Law Applicable

Summary judgment should be granted if the record shows that "there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and the evidence is to be taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

Because this is a diversity case, Oklahoma substantive law applies. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). In order to establish a *prima facie* case of bad faith under Oklahoma law, Mr. Nease must show: (i) that he was covered under a State Farm insurance policy, and State Farm was required to take reasonable actions in handling the Dennis claim; (ii) that State Farm's actions were unreasonable under the circumstances; (iii) that State Farm failed to deal fairly and in good faith with Mr. Nease in handling the Dennis claim; and (iv) that State Farm's failure caused Mr. Nease to suffer damages. *Badillo v. Mid Century Insurance Co.*, 2005 OK 48, ¶ 25, 121 P.3d 1080, 1093. "In dealing with third parties . . . the insured's interests must be given faithful consideration

and the insurer must treat a claim being made by a third party against its insured's liability policy 'as if the insurer alone were liable for the entire amount' of the claim." *Id.* at ¶ 26, 121 P.3d at 1093, *citing American Fidelity & Casualty Co. v. L.C. Jones Trucking Co.*, 1957 OK 287, ¶ 7, 321 P.2d 685, 687. Thus, State Farm was "required to approach settlement as if the . . . policy limits did not exist and to ignore the policy limits during settlement negotiations. *Id.* at ¶ 27, 121 P.2d at 1093 [citations omitted].

**Analysis**

Before filing suit against Mr. Nease, Ms. Dennis's attorney, Mr. John Branum, sent State Farm notice of a third-party claim. State Farm Claim representative Debra Pulliam handled the relevant aspects of Ms. Dennis's claim against Mr. Nease. In evaluating Ms. Dennis's claim, Ms. Pulliam calculated that Ms. Dennis's medical bills exceeded the $25,000 policy limits; State Farm then authorized her to offer the policy limits to Ms. Dennis to conclude the claim, which she did on June 18, 2007. On June 22, 2007, Mr. Branum sent a letter to Ms. Pulliam, stating, "Please arrange for a time for me to take your insured's statement in the next 10 days. If you are unwilling for me to take your insured's statement, I will sue your insured and I will obtain an excess judgment." (Docket No. 53. Ex. 8). Ms. Pulliam called Mr. Branum to tell him that she would inform Mr. Nease of the request, but that it was not her decision as to whether Mr. Nease would provide a statement. Ms. Pulliam then called Mr. Nease to advise him of the request, and followed the call with a letter that enclosed Mr. Branum's June 22 letter. According to Ms. Pulliam's notes of her conversation with Mr. Nease, she "went over atty's 6/22 letter; the insured said he does not want to talk to the clmt's atty and does not

want to give a [statement]; said he is unemployed, his spouse is disabled and he is taking care of his disabled mother; said he lost his father on Christmas '06, and a brother in Jan. '07 & at this time he is still grieving and not up to talking to the atty; went over status and advised the policy limits had been offered and we will attempt to settle in exchange for a Release, but that I too wanted him to be aware of the atty's request; [Mr. Nease] thanked me for the call but says he does not want to talk to the atty; I told the insured, I would [follow up] in writing to the atty and to him." (Docket No. 63, Ex. 30). Ms. Pulliam's follow-up letter stated that Mr. Nease had decided that he did not wish to meet with Mr. Branum, that she had informed Mr. Branum of Mr. Nease's decisions, and that she had enclosed a copy of Mr. Branum's June 22 letter. Mr. Nease agrees that he received Ms. Pulliam's letter, but asserts that he did not receive the enclosure.

On June 26, Ms. Pulliam sent a letter to Mr. Branum to inform him that she would advise Mr. Nease of the request but that it was Mr. Nease's decision whether to agree to give a statement. According to State Farm's Activity Log, Ms. Pulliam reviewed the case file on July 13, 2007, and called Mr. Branum on August 17, when she noted upon reviewing the file that she had not received a response to the offer of policy limits. Mr. Branum reiterated his request for a statement from Mr. Nease. (Docket No. 63, Ex. 30). On August 24, 2007, Mr. Branum called Ms. Pulliam again, and requested that State Farm provide an attorney for Mr. Nease. According to the Activity Log, Mr. Branum told Ms. Pulliam that it was State Farm's "duty to make [Mr. Nease] seek legal counseling and advise him to give a [statement]." (Docket No. 63, Ex. 30). Ms. Pulliam again conveyed her June telephone conversation with Mr. Nease to Mr. Branum, and

-4-

referred Mr. Branum to the letters that were sent in June. Mr. Branum again threatened suit. (Docket No. 63, Ex. 30). That same day, Ms. Dennis filed suit against Mr. Nease. Following trial, judgment was entered against Mr. Nease for damages of $190,594.81.

Mr. Nease contends that State Farm committed bad faith under *Badillo* because: (i) Ms. Pulliam did not advise him of the threat to sue for an excess judgment if he did not provide a statement (or even explain the concept of an excess judgment); (ii) Ms. Pulliam did not explain why a statement was requested; (iii) Ms. Pulliam did not tell him that her evaluation of the Dennis claim exceeded his policy limits; and (iv) State Farm failed to provide counsel to advise him on the matter or sit with him during the requested statement. Mr. Nease also contends that State failed to find alternative ways to avoid an excess judgment against him or to take affirmative action to avoid one. Mr. Nease thus argues that State Farm committed bad faith by failing to handle the Dennis claim as if State Farm alone were responsible for it.

State Farm contends it is entitled to summary judgment because: (i) its conduct in handling the Dennis claim was not tortious; (ii) even if the allegations are true, it had no duty to provide counsel under the terms of Mr. Nease's insurance policy; and (iii) Mr. Nease's claims are barred by the statute of limitations. State Farm also contends that it is entitled to summary judgment on Mr. Nease's punitive damages claim.

State Farm contends that its handling of the Dennis claim was appropriate because it was Mr. Nease's own conduct that led to the excess judgment, *i. e.*, that Ms. Pulliam advised Mr. Nease of the demand for his statement, but he simply decided for himself not to give one. State Farm further contends that it tendered policy limits early and often and

therefore made a good faith effort to protect Mr. Nease by settling within policy limits. State Farm also suggests that Ms. Dennis' attorney Mr. Branum "intentionally fomented discord" between Mr. Nease and State Farm.

As discussed above, the Oklahoma Supreme Court determined in *Badillo* that an insurer has a duty to treat third-party claims against an insured as if the insurer alone is responsible for the entire claim, *i. e.*, that an insurer may not simply offer up policy limits and take no affirmative action to avoid an excess judgment against the insured. 2005 OK 48 at ¶¶ 26-7, 121 P.3d at 1093-94. Thus, the *Badillo* court found a material question of fact as to reasonableness where the insurer received a third-party demand for a statement by the insured as a condition to settlement within policy limits, but refused the demand without even consulting the insured. *Id*. at ¶ 36, 121 P.3d at 1096 ("In the final analysis, we believe sufficient evidence as to unreasonableness and breach of the duty of good faith and fair dealing by insurers is contained in the trial record such that these elements were properly supported and properly submitted to the jury for its consideration."). Here, Mr. Nease was advised of the third-party request for his statement, but contends he made an uninformed decision not to give one, *i. e.*, he claims he was never told that Ms. Dennis would pursue an excess judgment if he did not give the statement. State Farm, on the other hand, contends that Mr. Nease was told of the threat, and that Ms. Pulliam sent a copy of Mr. Branum's threatening letter to Mr. Nease. The Court finds this question of fact to be material to State Farm's reasonableness *vel non* in handling the Dennis claim. Furthermore, although as State Farm notes the policy did not expressly require provision of an attorney to advise and assist Mr. Nease prior to commencement of suit, whether it

was unreasonable for State Farm *not* to provide an attorney under the circumstances is likewise a question of fact for the jury. Summary judgment is therefore inappropriate on these points. *See Badillo*, 2005 OK 48 at ¶ 30, 121 P.3d at 1094 ("[T]he duty of good faith and fair dealing in this third party situation required insurers to reasonably respond to reasonable requests from Smith's lawyers in an effort to settle the case for the protection of their insured, the person whose financial life or health was hanging in the balance. Whether they did so, in our view, was for the jury to consider, a consideration that could include asking the question, would someone whose own financial health or life was at stake have acted in the manner that insurers did?").

State Farm also contends that any bad faith accrued by August 27, 2007 at the latest and that the present lawsuit—filed on April 1, 2010—is well outside the applicable two-year statute of limitations. *See Taylor v. State Farm Fire and Casualty Co.*, 1999 OK 44, ¶ 5 n. 10, 981 P.2d 1253, 1257 n. 10 ("Extant jurisprudence imposes a two-year limitation upon a tort claim based on bad-faith refusal to settle a claim."). *See generally* 12 Okla. Stat. § 95(3). But in an action such as this, *i. e.*, a claim for bad faith refusal by an insurer to settle a third-party insurance claim against its insured within policy limits, the cause of action does not accrue until entry of an excess judgment against the insured. *See, e. g., Wirtz v. State Farm Mutual Automobile Insurance Co.*, 2009 WL 2163617 at \*7 (W.D. Okla. July 13, 2009) (slip op.) ("The court concludes that the action did not accrue before the judgment was entered and became final. At that point, excess liability was established. Only at that point did Wirtz have a right to proceed against State Farm for exposing him to excess liability . . . Only at that point could he bring a bad faith claim

to a successful conclusion."), *citing Stephens v. General Motors Corp.,* 1995 OK 114, ¶8, 905 P.2d 797, 799 ("The statute of limitations begins to run when the cause of action accrues. A cause of action accrues when a litigant could first maintain an action to a successful conclusion."). *See also Federal Insurance Co. v. Estate of Catcher*, 2011 WL 673992 at *7 n.5 (N.D. Okla. Feb. 17, 2011) ("[T]he rule announced in [*Wirtz*] relates to a different type of bad faith claim than is present in this case-namely, bad faith failure to settle an action within the policy limits."), *citing Torrez v. State Farm Mutual Auto Insurance Co.,* 705 F.2d 1192, 1202 (10th Cir. 1982) (applying New Mexico law). That occurred on April 25, 2008, and this action (commenced on April 1, 2010) therefore came well within the two-year statute of limitations prescribed by Section 95(3).

Finally, State Farm contends that Mr. Nease's request for punitive damages may be denied at the summary judgment stage upon a finding that State Farm's conduct was not reckless, intentional, or malicious. Although it seems doubtful that this will be an appropriate case for imposition of punitive damages, the Court will await presentation of all Mr. Nease's evidence before deciding this issue. *See Wirtz*, 2011 WL 2163617 at *8 ("The court concludes that any ruling on the issue of punitive damages should be made after the court has had an opportunity to hear all the evidence offered in support of plaintiff's claim. State Farm may revisit the issue at [a later stage] of the proceedings, if appropriate.").

In summary, State Farm is not entitled to judgment in its favor as a matter of law. Accordingly, IT IS ORDERED that the Defendant's Motion for Summary Judgment and Brief in Support [Docket No. 53] is hereby DENIED.

**DATED** this 29th day of February, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma