IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES NEASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-177-SPS |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO ASSESS FEES AND COSTS

The Plaintiff Charles Nease was involved in an automobile accident with Amanda Dennis. He had insurance with the Defendant State Farm Mutual Automobile Insurance Company in the amount of $25,000.00, and State Farm tried unsuccessfully to settle with Ms. Dennis, who eventually sued the Plaintiff and obtained a jury verdict in excess of $190,000.00. The Plaintiff then brought this action against State Farm for failure to settle with Ms. Dennis within policy limits. On the day of trial, the Plaintiff dismissed the case following *voir dire* and opening statements, and State Farm now seeks attorneys' fees and costs pursuant to Fed. R. Civ. P. 41. For the reasons set forth below, the Court finds that the Defendant State Farm Mutual Automobile Insurance Company's Motion to Assess Fees and Costs [Docket No. 131] should be GRANTED.

**Procedural History**

The Plaintiff commenced this action in the District Court of Pottawatomie County on April 1, 2010, and State Farm removed it to this Court on May 11, 2010. The case was originally set for trial on May 16, 2011. The parties requested several extensions, and the trial was reset for July 18, 2011, November 14, 2011 and January 23, 2012. The Court then moved the trial to February 23, 2012 for its own reasons, and conducted a Pre-Trial Conference by telephone on February 10, 2012. The Court again moved the trial to April 2, 2012, and later to June 18, 2012. State Farm filed a motion to continue upon learning its key witness would be unavailable, and the trial was moved again, this time to October 15, 2012. On October 4, 2012, the Plaintiff moved to continue the case, and the Court reset it for January 23, 2013.

The parties appeared for trial on January 23, 2013, but the Plaintiff's exhibits were not prepared in accordance with the Pretrial Order and had not been exchanged with State Farm in accordance with OKED LCvR 39.4. The Court allowed the Plaintiff to work on his exhibits during jury selection and opening statements, but the exhibits were not ready yet and the Court recessed early for lunch so the Plaintiff could complete preparation. When the Court took the bench after lunch, the Plaintiff's exhibits were still not ready, so counsel was called to chambers to discuss the situation. State Farm indicated its intention to move for exclusion of all the Plaintiff's exhibits. The Court recommended to the Plaintiff the alternative of dismissing the case without prejudice. State Farm objected, but stipulated with the Plaintiff that the case could be re-filed in this Court only and re-assigned to the undersigned, and that the parties could use all the evidence adduced in

this case. The Court indicated it would entertain a motion for attorney's fees and costs by State Farm, overruled State Farm's objection, and granted the motion to dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

State Farm filed its motion for attorney's fees and costs pursuant to Fed. R. Civ. P. 41(d). The Plaintiff re-filed his claims against State Farm in Case No. CIV-13-61-SPS, which the Court stayed pending the resolution of the motion for attorney's fees.

## Analysis

After an answer or dispositive motion has been filed, "an action may be dismissed at the plaintiff's request only by court order" unless all parties concur in dismissal. Fed. R. Civ. P. 41(a)(2). "Absent legal prejudice to the defendant, the district court normally should grant such a dismissal." *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005), *citing Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). But the Court "should endeavor to insure substantial justice is accorded to both parties[,]" *Ohlander*, 114 F.3d at 1537, *citing* 9 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2364 AT 278 (2d ed. 1994), so dismissal should be "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). *See also U.S. ex rel Stone v. Rockwell International Corp.*, 282 F.3d 787, 810 (10th Cir. 2002) ("[A] plaintiff may voluntarily dismiss his action so long as the defendant is not hurt, and the court's consent to voluntary dismissal may be conditioned upon such terms and conditions as the court deems proper."), *citing Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). This may include conditioning future litigation upon payment of the costs and attorney's fees incurred by the party opposing dismissal. *See* Fed. R. Civ. P. 41(d) ("If a plaintiff who previously dismissed an action in any court

files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.").

State Farm contends that it should recover a total of $25,121.74 for the attorneys' fees and costs incurred in preparation for the aborted trial. The Plaintiff agrees that the amount claimed by State Farm is reasonable but contends that the Court should decline to award any fees and costs until the completion of Case No. CIV-13-61-SPS. The Court does not agree. The Plaintiff was allowed to dismiss his case without prejudice after the trial had begun to avoid the potentially drastic consequences of doing otherwise, *e. g.*, requiring the Plaintiff to try his case without exhibits. Such dismissal caused State Farm no legal prejudice, but neither should State Farm be required to bear the cost of affording such relief to the Plaintiff. The Court therefore concludes that State Farm should be allowed to recover the $25,121.74 in attorneys' fees and costs reasonably incurred in the preparation for trial on January 23, 2013. *See, e. g., Marlow*, 19 F.3d at 303 ("Typically, a court imposes as a term and condition of dismissal that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees . . . [S]uch terms and conditions 'are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of *res judicata* from bringing the same suit again."). Additionally the Court finds that Case No. CIV-13-61-SPS should remain stayed until such fees and costs have been paid. *See* Fed. R. Civ. P. 41(d) ("[T]he court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.").

The question arises as to who should pay the fees and costs awarded to State Farm. It seems the Plaintiff bears no personal responsibility for the failure to have his exhibits ready for trial; that responsibility falls squarely upon his attorney, Mr. Tod Mercer. At the hearing on State Farm's motion on March 27, 2013, the Court asked Mr. Mercer if there would be any difficulty in satisfying any award to State Farm, to which Mr. Mercer responded, "My client doesn't have any money." The Court then asked if the Plaintiff should have to pay the award himself when the delay was not his fault, to which Mr. Mercer replied that the Plaintiff had done nothing to cause the problem. The Court finds that it would be unfair under the circumstances to require the Plaintiff to personally pay the fees and costs awarded to State Farm.

The Court *does* have authority to assess fees and costs against Mr. Mercer directly under Fed. R. Civ. P. 41(d), and under statutory authority granted by 28 U.S.C. § 1927, as well as its inherent authority. *See, e. g.,* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ("[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . . as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."); *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1164 (10th Cir. 1985) ("Section 1927 is a natural outgrowth of the inherent authority of a court to assess costs

and attorney's fees. . . . against an attorney personally."). The Court therefore hereby grants Mr. Mercer fourteen days, or until August 30, 2013, to show cause why he should not be ordered to personally pay the $25,121.74 awarded to State Farm herein. *See, e. g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-767 (1980) ("The power of a court over members of its bar is at least as great as its authority over litigants. . . . Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.").

## Conclusion

In summary, State Farm is entitled to recover reasonable attorney's fees and costs in the amount of $25,121.74, and Case No. CIV-13-61-SPS should remained stayed until such fees and costs have been paid, pursuant to Fed. R. Civ. 41(d). Accordingly, IT IS ORDERED that Defendant State Farm Mutual Automobile Insurance Company's Motion to Assess Fees and Costs [Docket No. 131] is hereby GRANTED.

**DATED** this 16th day of August, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma