IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CHARLES NEASE, )
)
              **Plaintiff,** )
)
v. ) Case No. CIV-10-177-SPS
)
STATE FARM MUTUAL )
AUTOMOBILE INSURANCE )
COMPANY, )
)
              **Defendant.** )

## OPINION AND ORDER ASSESSING
## ATTORNEY'S FEES AND COSTS AGAINST COUNSEL

The Plaintiff Charles Nease was involved in an automobile accident with Amanda Dennis. He had insurance with the Defendant State Farm Mutual Automobile Insurance Company in the amount of $25,000.00. State Farm tried unsuccessfully to settle with Ms. Dennis, who eventually sued the Plaintiff and obtained a $190,000.00 judgment. The Plaintiff then brought this action against State Farm for breach of contract and bad faith in failing to settle with Ms. Dennis within policy limits. On the day of trial, the Plaintiff dismissed the case following *voir dire* and opening statements, and State Farm sought attorney's fees and costs pursuant to Fed. R. Civ. P. 41. The Court found that fees and costs should be awarded to State Farm, but left open the question as to who should pay the award. *See* Docket No. 145. The Court notified the parties that it was considering an award of fees and costs against the Plaintiff's attorney, Mr. Tod Mercer, and the parties submitted an additional round of briefing. On September 18, 2013, the Court conducted

an additional hearing on State Farm's motion for attorney's fees in order to afford Mr. Mercer an opportunity to present evidence showing why such fees and costs should not be awarded against him. For the reasons set forth below, the Court reiterates that the Defendant State Farm Mutual Automobile Insurance Company's Motion to Assess Fees and Costs [Docket No. 131] should be GRANTED, and hereby awards attorney's fees and costs in the amount of $25,121.74 against Mr. Mercer. In addition, the Court finds that Case No. CIV-13-77-SPS should remain stayed until such attorney's fees and costs have been paid in full.

## DISCUSSION

The Plaintiff commenced this action in the District Court of Pottawatomie County on April 1, 2010. State Farm removed the case to this Court on May 11, 2010, and it was originally set for trial on May 16, 2011. The parties requested several extensions, and the trial was reset for July 18, 2011, November 14, 2011 and January 23, 2012. The Court then moved the trial to February 23, 2012 for its own reasons, and conducted a Pre-Trial Conference by telephone on February 10, 2012. The Court then moved the trial to April 2, 2012, and later to June 18, 2012. State Farm filed a motion to continue upon learning that its key witness would be unavailable, and the Court moved the trial again, this time to October 15, 2012. On October 4, 2012, the Plaintiff moved to continue the case, and the Court reset it for January 23, 2013.

The parties appeared for trial on January 23, 2013, but the Plaintiff's exhibits were not prepared in accordance with the Pretrial Order and had not been exchanged with State Farm in accordance with OKED LCvR 39.4. The Court allowed the Plaintiff to work on

his exhibits during jury selection and opening statements, but the exhibits were still not ready and the Court recessed early for lunch so the Plaintiff could complete preparation. When the Court took the bench after lunch, the Plaintiff's exhibits were still not ready, so counsel was called to chambers to discuss the situation. State Farm indicated its intention to move for exclusion of all of the Plaintiff's exhibits. The Court suggested an alternative, *i. e.*, dismissal without prejudice upon motion by the Plaintiff. The Plaintiff's attorney Tod Mercer tendered an oral motion to dismiss, to which State Farm objected, but the parties stipulated that the case could be re-filed in this Court only and re-assigned to the undersigned, and that the parties could use all the evidence adduced in this case. The Court indicated it would entertain a motion for attorney's fees and costs by State Farm, overruled State Farm's objection, and granted the motion to dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

State Farm filed its motion for attorney's fees and costs pursuant to Fed. R. Civ. P. 41(d), and the Plaintiff re-filed his just-dismissed claims against State Farm in Case No. CIV-13-61-SPS. The Court stayed the new case pending the resolution of State Farm's motion for attorney's fees in this case. On August 16, 2013, the Court determined that attorney's fees and costs should be awarded to State Farm in the amount of $25,121.74, but left open the question as to who should be required to pay such award. *See* Docket No. 145. Noting that it would be unfair to require the Plaintiff to pay the award because he was not personally at fault for the failure to have his exhibits ready for trial, the Court indicated that it was considering imposing the award against Mr. Mercer and ordered him to show cause why the Court should not do so. The parties submitted another round of

briefs, and the Court conducted the show cause hearing on September 18, 2013. Mr. Mercer presented no evidence but reiterated his argument previously made on behalf of the Plaintiff that the Court should not award attorney's fees and costs to State Farm, or should at least await the outcome of Case No. CIV-13-77-SPS before doing so.

This Court has previously found that State Farm should be awarded attorney's fees and costs in the amount of $25,121.74, which Mr. Mercer stipulated was reasonable as to amount on the facts of this case. The Court has also determined that it would be unfair to award such costs against the Plaintiff personally because he was not at fault for the untimely dismissal, which Mr. Mercer freely admits. Under the circumstances, the Court has no choice but to award the attorney's fees and costs against Mr. Mercer under Fed. R. Civ. 41(d), 28 U.S.C. § 1927, and its inherent authority, as it was he who was at fault for the failure to have the Plaintiff's exhibits ready for trial and the untimely dismissal. *See, e. g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ("[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . . as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order[.]"), *citing* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1164 (10th Cir. 1985) ("Section 1927 is a natural outgrowth of the inherent authority of a court to assess costs and attorney's fees. .

. . against an attorney personally."). *See also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-767 (1980) ("The power of a court over members of its bar is at least as great as its authority over litigants . . . Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.").[1]

### Conclusion

In summary, State Farm is entitled to recover reasonable attorney's fees and costs in the amount of $25,121.74, and that award should not be imposed against the Plaintiff personally but instead against his attorney, Mr. Tod Mercer. Furthermore, Case No. CIV-13-61-SPS should remain stayed until such time as the award has been fully satisfied.

**IT IS HEREBY SO ORDERED** this 31st day of March, 2014.

_Steven P. Shreder_
United States Magistrate Judge
Eastern District of Oklahoma

---

[1] In support of its conclusion that it was Mr. Mercer who was responsible for the failure to have the Plaintiff's exhibits ready from trial and the resulting untimely dismissal, the Court hereby makes the following findings. *See, e. g., G.J.B. & Associates, Inc. v. Singleton,* 913 F.2d 824, 830 (10th Cir. 1990) ("If the district court ultimately imposes sanctions, detailed findings are necessary to identify the objectionable conduct and provide for meaningful appellate review."). Despite the time afforded by eight continuances of the trial, the inclusion of an exhibit list in the Proposed Pre-Trial Order submitted January 12, 2012, the completion of the Pre-Trial Conferences on February 10, 2012 and January 16, 2013, at which time the Plaintiff submitted another Proposed Pre-Trial Order containing an exhibit list, as well as additional time the day of trial during *voir dire*, opening arguments, and an early recess for lunch, Mr. Mercer failed to be prepared to proceed with trial even five hours after it had begun. Mr. Mercer provided an explanation for his lack of preparedness, *i. e.*, that the service he used let him down, but the Court finds this explanation unsatisfactory, as selection of the service was Mr. Mercer's own responsibility. In addition, Mr. Mercer stipulated as to the reasonableness of the $25,121.74 amount documented by State Farm, and agreed that the Plaintiff was not at fault in the failure to be prepared for trial and was unable to pay any award in any event.