# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

CHARLES NEASE,                          )
                      **Plaintiff,**     )
                               )
v.                                      )          **Case No. CIV-10-177-SPS**
                               )
STATE FARM MUTUAL                       )
AUTOMOBILE INSURANCE                    )
COMPANY,                                )
                   **Defendant.**     )

## OPINION AND ORDER DENYING
## MOTION FOR INDICATIVE RULING

The Plaintiff Charles Nease voluntarily dismissed this action on the first day of trial because his exhibits were not in order.   The Court awarded costs, including attorney fees, to the Defendant State Farm Mutual Automobile Insurance Company, ordered those costs paid by the Plaintiff's attorney and stayed the newly-refiled proceedings (Case No. CIV-13-61-SPS) until such costs were paid.   *See* Docket No. 152.   The Plaintiff appealed the stay in Case No. CIV-13-61-SPS, and the Plaintiff's attorney appealed the personal imposition of costs in this case. While those appeals were pending, the parties apparently reached a settlement disposing of the entire dispute upon vacation of the Opinion and Order Assessing Attorney's Fees and Costs Against Counsel [Docket No. 152] pursuant to Fed. R. Civ. P. 60(b).   The Plaintiff sought a ruling pursuant to Fed. R. Civ. P. 62.1(a) indicating whether the Court would grant such relief if given the opportunity to do so by the Tenth Circuit Court of Appeals.   For the reasons set forth below, both the Plaintiff's Unopposed Motion for Indicative Ruling [Docket No. 161]

and his Unopposed Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) [Docket No. 163] are hereby DENIED.

Relief pursuant to Fed. R. Civ. P. 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) [citation omitted]. "It is well-settled that extraordinary circumstances warranting vacatur 'do not include the mere fact that the settlement agreement provides for vacatur.'" *McIntyre v. Aetna Life Insurance Co.*, 2009 WL 1160671, at *2 (W.D. Va. Apr. 28, 2009), *quoting United States Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994) ("[M]ootness by reason of settlement does not justify vacatur of a judgment under review . . . It should be clear from our discussion . . . that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur[.]"). *See also HR Technology, Inc. v. Imura International, U.S.A., Inc.*, 2014 WL 524661, at *1 (D. Kan. Feb. 10, 2014) ("[T]he mere fact of settlement is not a sufficient justification by itself" to warrant vacatur."). The Plaintiff nevertheless argues that exceptional circumstances warrant vacation of the order because: (i) it would be inequitable if it remained in effect after the parties have settled; (ii) it has little if any precedential effect; and, (iii) vacation would promote judicial economy and serve the public interest. These arguments are not persuasive.

First, it is clear that "equitable vacatur would not be warranted if either [party to settlement] petitioned for it because both of those parties voluntarily forfeited their legal remedies by choosing to settle." *McMurtry v. Aetna Life Ins. Co.*, 273 Fed. Appx. 758, 760 (10th Cir. 2008). But in any event, apart from the naked assertion that "it would not

be equitable . . . to have the order in the instant case remain in effect, especially given that both parties are seeking its vacatur[,]" the Plaintiff has shown no reason why it would be inequitable not to vacate the order. *See, e. g., Lillard v. Sunflower Farmers Market, Inc.*, 2013 WL 3943639, at *1 (D. Colo. July 31, 2013) ("[T]he parties do not connect the existence of a Settlement Agreement to an argument for vacatur in any logical way, save for a conclusory statement that 'based upon the parties having reached a settlement agreement, balancing of the equities weighs in favor of vacating the Judgment[.]'"). Indeed, vacating the order imposing costs against the Plaintiff's attorney while leaving in place the prior order determining that costs should be awarded, *see* Docket No. 145, and thereby suggesting that it was the Plaintiff himself who was at fault (which the Plaintiff's attorney admitted *was not* the case) would seem far more inequitable than leaving both orders in place.

Second, the Court is not convinced that the order is devoid of any precedential value. It is publically available through Westlaw and Lexis and thus "might be useful to future litigants" as persuasive authority. *Summit Financial Resources, L.P. v. Kathy's General Store, Inc.*, 2011 WL 3666607, at *2 (D. Kan. Aug. 22, 2011). If nothing else, the order provides fair warning to future litigants that being unprepared for trial (as the Plaintiff was here) will not be countenanced by this Court.

Third, whether judicial economy would be served by vacating the order is an open question at best. Aside from asserting that settlement is conditioned upon vacation of the order, the Plaintiff has not shown that the settlement agreement would be voided (and costly additional litigation incurred) if the Court *does not* vacate the order. Further, it

seems doubtful that allowing parties to obtain such post-judgment relief at the trial court level by settlement during the pendency of appellate proceedings *does* promote judicial economy. *See, e. g., Stolz v. American International Life Assurance Co.,* 922 F. Supp. 435, 437 (W.D. Wash. 1996) ("Vacatur of District Court judgments after a case has settled on appeal does not foster settlement of cases at the District Court level."). *See also Summit Financial Resources,* 2011 WL 3666607, at *2 ("[R]outinely granting post judgment vacatur as part of a settlement agreement may encourage litigants to forego early settlement opportunities and instead take their chances with district court judgments knowing that any adverse rulings could be bargained away as part of a vacatur-based settlement agreement. Such a result would hardly conserve judicial resource and might encourage parties to use district court proceedings as a settlement mechanism."), *citing Neumann v. Prudential Insurance Co. of America,* 398 F. Supp. 2d 489, 493 (E.D. Va. 2005) ("[I]t is far from clear that post-judgment vacatur, if granted with any regularity, would conserve judicial resources overall. To the contrary, were post-judgment vacatur readily available, many litigants might thereby be encouraged to forego settlement early in the litigation process, hoping either to prevail at trial, or failing that, to bargain away any adverse decision with a settlement conditioned on vacatur. In this way, settlement conditions on post-judgment vacatur, in sharp contrast to prejudgment settlement, hardly results in conserving judicial resources.").

Finally, "[t]he settlement the parties have reached in this matter does not change the factual allegations that were presented to the Court or the legal reasoning and analysis supporting the opinions and orders that [the movant] now seeks to have vacated. . . .

While [the] desire to eliminate any potential precedential or persuasive effects . . . is understandable, the appropriate avenue for doing so is [] appeal[.]" *McIntyre*, 2009 WL 1160671, at *3, *quoting Neumann,* 398 F. Supp. at 493. *See also Oklahoma Radio Associates v. F.D.I.C.*, 3 F.3d 1436, 1444 (10th Cir. 1993) ("A policy permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse.").

For the reasons set forth above, the Court concludes that the Plaintiff's Unopposed Motion for Indicative Ruling [Docket No. 161] should be and hereby is DENIED. The Court likewise concludes that the Plaintiff's Unopposed Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) [Docket No. 163] should be and hereby is DENIED. *See Burgess v. Daniels*, 2014 WL 4068578, at *2 (10th Cir. Aug. 19, 2014) ("In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion[.]"), *quoting Aune v. Reynders*, 344 F.2d 835, 841 (10th Cir. 1965). *See also Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002) ("We have stated that although a district court may lack jurisdiction to *grant* the Rule 60(b)(2) motion due to the appeal . . . the court was free to consider the motion.").

**IT IS SO ORDERED** this 21st day of November, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma